## THE NELLIE FOLLETTE.

## THE ELMER D. WALLING.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

### No. 130.

COLLISION ⬦153—MEETING TOWS IN CANAL—FAULT.

A finding by the trial court, on conflicting evidence, that a collision between meeting tows in the Erie Canal was due solely to the fault of one in sheering to the wrong side of the channel, affirmed.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 305–307, 311; Dec. Dig. ⬦153.

Collision with or between towing vessels and vessels in tow, see note to The John Englis, 100 C. C. A. 581.]

Appeal from the District Court of the United States for the Western District of New York.

This cause comes here upon appeal from a decree of the District Court, Western District of New York, holding the Nellie Follette and

---
⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Elmer D. Walling solely responsible for a collision between those vessels and the canal boat Patrick Bowen. The opinion of Judge Hazel will be found in 221 Fed. 137.

Ray M. Stanley, of Buffalo, N. Y., for appellants.

Brown, Ely & Richards, of Buffalo, N. Y. (J. B. Richards, of Buffalo, N. Y., of counsel), for appellees Van Orden and others.

Clinton, Clinton & Stricker, of Buffalo, N. Y. (George Clinton, Jr., of Buffalo, N. Y., of counsel), for appellee Rand.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The Bowen and two other canal boats lashed together, one behind the other, with the Bowen ahead, were bound east on the Erie Canal, in tow of four mules. As they approached Studor's Bridge, between Lyons Lock and Berlin Lock, they encountered the Nellie Follette bound west under steam, with the Walling rigidly fastened in front of her. The two flotillas came into collision; the Walling's stern striking the port bow of the Bowen three or four feet from the latter's stern. The details of the navigation are fully set forth in the opinion of the District Judge.

The controversy presents most emphatically a question of fact, pure and simple: Did the east-bound tow kink up, at the bend in the canal, and the Bowen thus get over into the heelpath side of the channel? Or did the Walling for some reason sheer over into the towpath side of the channel? It is manifest that the boat which, at the time of collision, was on the wrong side of the channel, caused the damage, and whoever was responsible for her being where she had no business to be was in fault. The trial judge answered the first question in the negative and the second question in the affirmative. There was much conflict of testimony—six witnesses to six on the second question. He saw and heard all the witnesses, except two or three unimportant ones, and we find nothing in the record which leads us to dissent from his carefully considered findings of fact.

The decree is affirmed, with interest and costs.